## Case No. 609.

### ATKINSON v. FARMERS' BANK.

[Crabbe, 529.] [1]

District Court, E. D. Pennsylvania. Feb., 1844.

VOLUNTARY BANKRUPTCY — PREFERENCES — COERCION BY CREDITORS—RIGHTS OF ASSIGNEE.

1. To render the confession of a judgment an act of bankruptcy, it must not only have been intended as a preference, but also have been given in contemplation of bankruptcy.

2. An assignee in bankruptcy is not bound by proceedings against the bankrupt to which he was not a party.

3. By "contemplation of bankruptcy" is not meant a contemplation of applying for the benefit of the bankrupt law, or of proceedings in a court of bankruptcy, but a contemplation of the breaking up of one's business, or an inability to continue it.

4. Payments made or securities given by a party knowing himself to be insolvent, are not in contemplation of bankruptcy, if, at the time, he fully expected to continue his business and retrieve his losses.

5. A preference in contemplation of bankruptcy is no less an act of bankruptcy because yielded to the threats and coercion of a creditor.

[Cited in Grow v. Ballard, Case No. 5,848; Graham v. Stark, Id. 5,676.]

At law. This was an action of assumpsit [by Samuel Atkinson, assignee in bankruptcy of David B. Taylor, against the Farmers' Bank of Bucks County,] to recover a sum of money paid to the defendants by the sheriff of Bucks county, in Pennsylvania, on an execution by them against David B. Taylor. It appeared that Taylor, being in failing circumstances, confessed judgments to various relatives, sureties, and particular creditors, and, among the rest, one to the defendants for $7163.22. Execution being issued on this judgment the sheriff of Bucks county levied on and sold Taylor's personal property, and of the proceeds paid the defendants $1618.90, under a rule upon him to that effect. Taylor was subsequently decreed a bankrupt, and his assignee thereupon brought this suit, contending that the judgment to defendants was fraudulent and void, as being confessed in contemplation of bankruptcy, and to secure them in preference to other creditors. In the petition to have Taylor declared a bankrupt this judgment was mentioned, but as it was not there alleged to have been given in contemplation of bankruptcy, this court decided the allegation to be insufficient, and made no decision as to the validity of the judgment. The case came on for trial on the 23d February, 1844, before Judge RANDALL and a special jury, and was argued by:

C. & J. Fallon, for plaintiff.

J. W. Wallace and Mr. Reed, for defendant.

RANDALL, District Judge, (charging jury.) This action is brought by the assignee in

[1] [Reported by William H. Crabbe, Esq.]

bankruptcy of David B. Taylor, to recover from the defendants a sum exceeding sixteen hundred dollars with interest, being the proceeds of the personal property of the bankrupt sold by the sheriff of Bucks county, under an execution issued by the defendants on a judgment confessed by David B. Taylor in their favor, and which proceeds were received by them from the sheriff. The plaintiff contends that the judgment on which this execution issued was fraudulent and void, under the provision of the bankrupt law which declares "that all future payments, securities, conveyances, or transfers of property, or agreements made or given by any bankrupt, in contemplation of bankruptcy, and for the purpose of giving any creditor, endorser, surety, or other person, any preference or priority over the general creditors of such bankrupt, and all other payments, securities, conveyances, or transfers of property, or agreements made or given by such bankrupt, in contemplation of bankruptcy, to any person or persons whatever, not being a bona fide creditor or purchaser for a valuable consideration, without notice, shall be deemed utterly void, and a fraud upon this act, and the assignee under the bankruptcy shall be entitled to claim, sue for, recover, and receive the same as part of the assets of the bankrupt."

Independently of the bankrupt law, Taylor had a perfect right to give the judgment and the defendants to receive the proceeds, and under the laws of Pennsylvania the proceedings would be valid. But it is alleged that the judgment was confessed for the purpose of preferring either the bank or the endorsers of D. B. Taylor over his creditors generally, in contemplation of bankruptcy, and is, therefore, void.

In order to make this judgment void, it is necessary that it should have been given not only to effect a preference, but also in contemplation of bankruptcy. It has been said that this court has already decided the judgment to be valid by its decree on the application of Taylor's creditors to have him declared a bankrupt; but there has been no such decision. In that petition the judgment was not alleged to have been given "in contemplation of bankruptcy," and for that reason the court determined the allegation to be insufficient, but decided nothing as to the validity of the judgment. But if the court had decided the judgment not to be invalid, it would not have been binding on the jury. The party suing here is the assignee in bankruptcy, who must satisfy them of the facts necessary to support his case, but who cannot be bound by a decree in proceedings to which he was not a party. It is incumbent on the plaintiff to satisfy the jury by evidence that this judgment was confessed with intent to give a preference, and also in contemplation of bankruptcy. By "contemplation of bankruptcy" the law does not mean a contemplation of applying for the benefit

of the bankrupt law, or of proceedings in a court of bankruptcy, but a contemplation of the breaking up of one's business, or an inability to continue it. It has been held by this court that a knowledge of such a derangement of one's affairs as would prevent a party from carrying on his business, is a contemplation of bankruptcy; not mere insolvency, for a party may be insolvent, and know it, and yet payments made or securities given by him not be in contemplation of bankruptcy, if, at the time, he fully expected to continue his business and retrieve his losses; but if he did not expect this, or if the derangement of his affairs was such as to make the inability to continue his business highly probable, then the act was in contemplation of bankruptcy within the meaning of the bankrupt law. The question of intention to give a preference is entirely for the jury, to be judged of by the acts and conduct of the parties at and about the time of making the payment or giving the security. If a party makes payments secretly; or gives securities to friends, or relatives, or persons to whom he may feel under special obligation; or when he says, as William Taylor swears David B. Taylor said, that he intends to prefer his sureties, and such security is given, there can be little doubt of the intention with which such payment or transfer is made. The credibility of the witnesses, however, is a question entirely for the jury.

It has been argued that the giving of judgments by David B. Taylor, about the same time, to his friends and relatives, would be without purpose, if, at the time, he expected to be able to pay all his creditors, and did not intend to give preferences. The giving of such judgments will be considered by the jury so far as it bears on or evidences the intention of D. B. Taylor, in the giving of this judgment to the bank. Again, it is alleged by the defendants that the judgment was given by Taylor at the pressing instance of the bank, and was obtained by their threats and coercion. The evidence of coercion is very slight; but if, at the time, Taylor contemplated* bankruptcy within the meaning I have given to those words, and if he also intended to give a preference to the bank, then this judgment is void under the bankrupt law, and the plaintiff is entitled to recover, though the jury should believe that it was yielded to the threats and coercion of the creditor.

The jury rendered a verdict for the plaintiff for $1697.40.

See Atkinson v. Purdy, [Case No. 616.]